**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Edward Urbanek,** | ) | **CASE NO. 1:06 CV 1279** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **All State Home Mortgage, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon the Motion to Dismiss filed by defendants All State Home Mortgage, Inc. and John Marinucci (Doc. 19). Also pending are the Motion to Dismiss filed by defendant Jermaine Lockhart (Doc. 25) and the Motion to Dismiss filed by defendant William McGregor (Doc. 11). This is a RICO case arising out of plaintiff's purchase of three pieces of property. For the reasons that follow, count six is dismissed as to all defendants. Plaintiff's state law claims are dismissed without prejudice.

**FACTS**

Plaintiff, Edward Urbanek, filed this lawsuit against defendants, All State Home

1

Mortgage, Inc. ("All State"), Ace Home Loan, Inc. ("Ace"), Neal Wolf, Aaron Short, John Marinucci, Jeremy Lockhart and William McGregor.  Marinucci is the "owner" of All State and Wolf is the "owner" of Ace.  Plaintiff alleges that Short is an employee of both entities.  Lockhart and McGregor are real estate appraisers.  For purposes of ruling on the pending motions, the facts contained in the complaint are presumed true.

From April through June of 2005, plaintiff became involved with defendants in certain real estate transactions.  Plaintiff alleges that All State and Ace "participated" in these transactions as loan officers and brokers of the real estate.  According to the complaint, All State showed plaintiff several properties and advised plaintiff that two or three properties should be purchased together.  Defendants further advised that such practice was common in the "industry."  Short and Marrinunci arranged for Lockhart and McGregor to appraise certain properties.  Plaintiff alleges that the appraisals were inflated.  Based on these inflated appraisals and representations, plaintiff purchased three different properties.  According to the complaint, All State informed plaintiff that he should purchase the second property quickly after the first so that the purchase of the first property would not appear on his credit report.  Plaintiff acted in accordance with this advice.

In order to purchase the properties, All State and Ace arranged for financing through entities apparently unrelated to any party to this lawsuit.  Although unclear from the complaint, it appears that at least one of the mortgage loans included an amount to be assigned to a home repair company.  According to plaintiff, an additional $18,800 from the loan proceeds should have been remitted to plaintiff.  Plaintiff claims that instead of paying him, Short gave the money

to a third party[1], who placed it in an account for an entity known as "On the Move."

One of the properties purchased by plaintiff qualifies as Section 8 housing. The building was occupied by tenants both prior to and after the time plaintiff purchased the property. According to the complaint, plaintiff instructed Short and Marinucci, the "loan officers and brokers," to remit the Section 8 funds and the tenants' rent checks to a post office box located in Richfield, Ohio. Plaintiff alleges that Short personally collected the rent money and failed to remit any of the funds to plaintiff. Plaintiff further alleges that he never received the keys to this property. According to plaintiff, he attempted to contact Short several times regarding various issues, but his calls were not returned.

Ultimately, the lenders brought foreclosure actions against plaintiff on each of the three properties. Thereafter, plaintiff filed this lawsuit asserting seven claims. Count one is a claim for fraud. Counts two and three assert claims for conversion and civil conspiracy, respectively. Count four alleges a violation of the Ohio Mortgage Broker Act. Count five is a claim for trespass. Count six is a claim for violation of 18 U.S.C. § 1962(c), the federal RICO statute. Count seven is a state law RICO claim.

Defendants All State and Marinucci move to dismiss the complaint. Plaintiff opposes the motion. In addition, defendants Lockhart and McGregor filed separate motions to dismiss. Plaintiff also opposes these motions.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

---

[1] Plaintiff alleges that the money was given to Monica Alexander. It is entirely unclear, however, who this individual is or how she relates to the allegations in the complaint.

Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). The complaint is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *See also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993).

"In practice, a...complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

**ANALYSIS**

A. Federal RICO claim

4

All of the moving defendants seek dismissal of plaintiff's federal RICO claim.[2]  As this is the sole basis for jurisdiction in this Court, this claim will be addressed first.[3]

Plaintiff's RICO claim is asserted pursuant to 18 U.S.C. § 1962(c), which provides,

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

In order to avoid dismissal of his RICO claim, plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *Sedima v. Imrex Company, Inc.*, 473 U.S. 479, 496.  The moving defendants argue that plaintiff's RICO claim must be dismissed because it fails to properly allege that defendants engaged in racketeering activity.  In addition, defendants argue that the complaint does not adequately allege the existence of an enterprise or a "pattern" of activity.  Each argument will be addressed in turn.

1.  Racketeering activity

In order to establish "racketeering activity" plaintiff must allege that each defendant engaged in a "predicate act."  *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999).  The predicate acts are enumerated in 18 U.S.C. § 1961(1), and include acts indictable under certain federal criminal statutes.  *Central Distributors of Beer, Inc. v. Conn*, 5 F.3d 181, 183.  Wire fraud and mail fraud are among the enumerated offenses.

Defendants move for dismissal on the grounds that plaintiff fails to allege any predicate

---

[2]  Plaintiff voluntarily dismissed the federal and state RICO claims as to defendant McGregor.

[3]  It is apparent from the face of the complaint that complete diversity is lacking.  With the exception of the RICO claim, all of the claims in the complaint are asserted pursuant to state law.

5

act. It appears that plaintiff claims that he sufficiently alleges both mail and wire fraud as predicate acts.

Upon review, the Court finds that plaintiff fails to adequately allege the existence of a predicate act. As an initial matter, the complaint wholly fails to mention which predicate act forms the basis of plaintiff's RICO claim. Rather, plaintiff describes certain alleged misconduct and states "by [these] actions, defendants conspired to commit and committed predicate offenses listed in 18 U.S.C. § 1961(1)(B)." (Compl. ¶ 54). This generalized statement fails to satisfy even notice pleading requirements. Simply reading the alleged misconduct in this case does not alert the defendants to which predicate act(s) they are alleged to have committed.

In his brief in opposition, however, plaintiff claims that he satisfies the pleading requirements for both mail and wire fraud. Even a cursory review of the complaint demonstrates that plaintiff falls far short of properly alleging either violation. In order to properly allege mail and wire fraud, plaintiff must allege "(1) a scheme to defraud, and (2) use of the mails, or of an interstate electronic communication, respectively, in furtherance of the scheme." *Advocacy Organization*, 176 F.3d at 322. In this case, plaintiff does not even allege that any misconduct involved the use of the mail, telephone or other "wire" service. In fact, plaintiff expressly alleges that he attempted to telephone one of the defendants, but that his calls were *not* returned. In his brief, plaintiff claims that he is "continuing to investigate the misconduct by these defendants, but plaintiff can still state that during phone conversations between the defendants and [plaintiff], the defendants furthered the fraudulent inducement..." (ECF Doc. 26-1 at 14). Not only is this allegation absent from the complaint, even if the complaint contained the statement, it would be insufficient to allege wire fraud. As the Sixth Circuit has consistently

6

held, allegations of wire and mail fraud must satisfy the heightened pleading requirements contained in Fed. R. Civ. Pro. 9(b).  *Id*.  To satisfy these standards, plaintiff must, at a minimum allege the "time, place, and content of the alleged misrepresentations."  *Id*.  Plaintiffs' statement clearly does not satisfy these standards.

Accordingly, plaintiff fails to allege that the moving defendants engaged in "racketeering activity."

 2. Pattern of activity

Even if plaintiff properly alleges racketeering activity, the Court finds that the complaint must be dismissed for failing to allege a *pattern* of racketeering activity.  In order to establish a pattern, a plaintiff must allege facts sufficient to demonstrate (1) a relationship between the predicate acts and (2) the threat of continued activity.  *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 229 (6th Cir. 1997)(*citing H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241-42 (1989)).  In analyzing the first factor, "it is not the number of predicates but the relationship that they bear to each other or to some external organizing principle that renders them 'ordered' or 'arranged.'"  *H.J. Inc*., 492 U.S. at 238.  Thus, while the existence of two predicate acts is a prerequisite to recovery, it will often be insufficient to establish a pattern.  "Indeed, in common parlance two of anything do not generally form a 'pattern.'"  *Fleischhauer v. Feltner*, 879 F.2d 1290, 1297 (6th Cir. 1989)(*quoting Sedima*, 473 U.S. at 496, n.14).  In addition, to demonstrating a relationship among the predicate acts, a plaintiff must also allege sufficient facts from which "continuity" may be ascertained.  *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1110 (6th Cir. 1995).  "Continuity" is a temporal concept, which "refers to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a

7

threat of repetition.'" *Id*. (*quoting H.J. Inc.*, 492 U.S. at 241).   The Sixth Circuit has held as follows,

> ...[T]o state the inquiry simply, a pattern is the sum of various factors including: the length of time the racketeering activity existed; the number of different schemes (the more the better); the number of predicate acts within each scheme (the more the better); the variety of species of predicate acts (the more the better); the distinct types of injury (the more the better); the number of victims (the more the better); and the number of perpetrators (the less the better).  Therefore, at one extreme is a perpetrator committing two predicate acts, in one day, in one scheme, causing a single injury, to a single victim.  At the other extreme, a perpetrator engineering dozens of schemes, and using a myriad of predicate acts to further each scheme, against numerous victims causing numerous types of injuries, beyond peradventure engages in a pattern of racketeering activity.

*Columbia Natural Resources*, 58 F.3d at 1110.

The complaint in this case alleges a period of closed activity spanning three months at best.  In addition, plaintiff alleges only one scheme–to fraudulently induce plaintiff to purchase three pieces of property in close proximity based on inflated appraisals.  There is no allegation that once the properties were purchased, the scheme would somehow continue.[4]   Nor does plaintiff allege that any other victims fell prey to defendants' "scheme."  Furthermore, as set forth above, plaintiff fails to properly allege even one predicate act.  Even assuming plaintiff alleged mail and wire fraud, the number of predicate acts is minimal and the "species" of these

---

[4] Plaintiff does allege that he instructed defendants Short and Marinucci to collect the rent at one of the buildings, but that Short kept the money for himself.  It is entirely unclear, however, why these defendants would act as landlord for plaintiff.  There is no allegation that these defendants offered to collect the rent or in some other way induced plaintiff to purchase the properties by promising to collect rent.  This act, which was initiated by plaintiff, cannot be said to demonstrate "continuity."

acts is not varied.[5] In sum, plaintiff's complaint falls far short of alleging a pattern of racketeering activity. *See, e.g., Saglioccolo*, 112 F.3d at 230; *Vemco, Inc. v. Camardella*, 23 F.3d 129, 134-45 (6th Cir. 1994).

    3.    Enterprise

In order to properly assert a RICO claim, plaintiff must plead the existence of an association-in-fact. *Begala v. PNC Bank, N.A.*, 214 F.3d 776, 781 (6th Cir. 2000). An association-in-fact enterprise can be demonstrated by showing 1) that the associated persons formed an ongoing organization, formal or informal; (2) that they functioned as a continuing unit; and (3) that the organization was separate from the pattern of racketeering activity in which it engaged. *VanDenBroeck v. Commonpoint Mort. Co.*, 210 F.3d 696, 699 (6th Cir. 2001). Although a plaintiff may rely on the same allegations to establish "pattern" and "enterprise," there must be sufficient facts alleging that the defendants functioned as a coordinated unit. *Begala,* 214 F.3d at 781. In this case, the complaint is devoid of any allegations demonstrating any coordinated behavior. While the "enterprise" need not be formal, there are no allegations suggesting any hierarchical or organizational structure. Plaintiff points to Paragraph 52 of the Complaint, in which he alleges that "defendants willfully combined, conspired and agreed to form an association which constitutes an enterprise..." In addition, plaintiff claims that he alleges that the defendants worked together to deceive plaintiff into purchasing the properties and that the appraisers "worked through" defendants All State, Marinucci and Short. At best, these allegations allude to a simple conspiracy. It is well settled, however, that simple

---

    [5]    In his brief, plaintiff alleges that there were "numerous" predicate acts in the form of telephone calls. As previously discussed, there is no mention of telephone calls in the complaint.

conspiracies are beyond the purview of RICO. *VanDenBroeck*, 210 F.3d at 699. Rather, plaintiff must allege the existence of an organizational structure that exists apart from the pattern of wrongdoing. *Id*. Plaintiff fails in this regard. Accordingly, for this additional reason, plaintiff's federal RICO claim must be dismissed.

   4.  Non-moving defendants

Having concluded that plaintiff's complaint falls far short of properly alleging a federal RICO violation, the Court *sua sponte* dismisses the federal RICO claim asserted against defendants Ace and Short. The complaint does not allege a predicate act with regard to these defendants, let alone a pattern of racketeering activity. Accordingly, the federal RICO claim is dismissed as to these defendants as well.

   5.  State law claims

The moving defendants ask that, in the event this Court dismisses the federal RICO claim, the Court should decline to exercise supplemental jurisdiction. Plaintiff does not respond to defendants' request. Having dismissed the only federal claim in this case, the Court declines to exercise supplemental jurisdiction over plaintiff's pendent state law claims against all defendants. *Valot v. Southeast Local School Dist. Bd. of Educ.*, 107 F.3d 1220 (6th Cir. 1997). Accordingly, plaintiff's state law claims are dismissed without prejudice.

   6.  Leave to amend

Plaintiff asks that, in the event this Court dismisses any of his claims, the Court permit leave to amend. Upon review, the Court finds that an amendment of plaintiff's federal RICO claim would be futile. In his brief, plaintiff states that "once [he] was aware of the defendants' misconduct, he provided as much detail as possible...so as to..provide the defendants an

opportunity to adequately answer the claims brought against them." This court has concluded that, even with this level of "detail," plaintiff falls far short of properly alleging a federal RICO claim. Given that plaintiff himself claims that he has provided as much detail as possible, the Court finds that permitting an amendment of this claim would be futile. Accordingly, plaintiff's request is denied.

### **CONCLUSION**

For the foregoing reasons, count six is dismissed as to all defendants. Plaintiff's remaining state law claims are dismissed without prejudice.

IT IS SO ORDERED.

          s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge